Orr *v.* Cox.

D. C. ORR *et als. v.* EDGAR E. COX *et als.*

HUSBAND AND WIFE. *May be witnesses. When.* Where husband and wife are parties to a suit, they are competent to testify for and against each other except as to facts acquired by virtue of their relation as husband and wife.

FROM GILES.

Appeal in error from the Circuit Court of Giles county. W. P. MARTIN, J.

N. SMITHSON, W. H. McCALLUM and LEWIS BROS. for Orr.

T. M. JONES for Cox.

McFARLAND, J., delivered the opinion of the court.

This was an issue *devisavit vel non* to test the validity of the will of P. T. Cox, deceased. The will was established, and the contestants have appealed in error. The contestants were D. C. Orr and wife, and James J. Walker and wife, Mrs. Orr and Mrs. Walker being the daughters of the testator. Orr and Walker were examined as witnesses for the contestants, and, without objection, proving many facts bearing more or less upon the case. It was then proposed to prove by these witnesses certain transactions between the witnesses and the testator, and conversations. between them both before and after the execution of the proposed will, for the purpose of showing the testator's want of capacity, and that the execution of the will was procured by the undue influence of Edgar E. Cox, the principal devisee and legatee, but the court refused to permit the witnesses to testify as to any transaction had with the testator, or to detail any conversations between them. The objection seems not to have been placed upon the ground that the witnesses were testifying upon behalf of their wives, the real parties in interest, but it seems to have been conceded that they were competent witnesses to testify in their own behalf under our statutes making parties

competent witnesses, and that they were subject only to the exception of the statute, to-wit: "In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward, unless called to testify by the opposite party." T. & S. Rev. Stat., 3813d.

We held, two years ago at this place, in the case of *Beadle* v. *Alexander*, MS. unreported, that a contest over a will was not a suit by or against an executor in such a sense as to bring the parties within this exception, and that the parties were competent to prove conversations with or declarations of the testator bearing upon the issue. We held that an action of this character was a contest between those claiming under the will on the one side, and those claiming against it on the other, and that it does not fall within the reason or principle of the above exception. One of the principal legatees under the will in that case, a party to the cause, was permitted to prove statements of the testator vital to the issue. From this it results that the exclusion of the testimony, for the reason indicated, was clearly erroneous. If the witness was otherwise competent, there was no valid objection to the testimony proposed to be made. No objection was taken to the competency of the witnesses in other respects. But if a valid objection exists, it would perhaps be useless to reverse for this error, as it would be practically for no purpose.

We have seen that the witnesses, with their wives, were the contestants, and this presents another aspect of the question, so often before us recently, as to how far husband and wife may be witnesses for or against each other. It has been settled in a number of cases that our statutes removing incompetency upon the ground of interest or being parties to the cause does not remove the objection to the husband or wife when offered as witnesses for or against each other, so far as that objection rests upon grounds of public interest for the preservation of the sanctity of the marriage relation. This we regard as a sound and well settled rule.

The difficulty is as to how far the objection, upon grounds of public policy, ought to go, whether to exclude the husband and wife when offered for or against each other for all purposes, or only to exclude testimony in relation to such knowledge as they may have acquired by virtue of the marriage relation.

The question often arises, as in this case, where the husband and wife are joint parties. Then if neither can be a witness for the other, as both are parties, both must be excluded, while the party against them is competent, thus leading to manifest injustice. Yet we have in several cases held that both must be excluded without regard to the subject matter of their evidence. We have more recently modified this rule to the extent of holding that where the wife is the real party in interest, the husband being only a nominal party, the wife may testify in her own behalf, notwithstanding the husband is a party to the record.

See *Patton* v. *Wilson,* 2 Lea, 101, citing *Foster* v. *McVann.* But in all such cases neither husband or wife can testify as to facts coming to their knowledge by reason of the mutual relation, although that relation be severed at the time the witness is offered. *Wilson* v. *Patton,* 2 Lea, 101. In this latter case it is intimated that the true rule ought to confine the objection upon grounds of public policy to such facts as came to the knowledge of either husband or wife by means of their marital relation, and testimony as to these facts ought to be excluded without regard to the attitude of the husband or wife as parties, but as to all other facts they stand as other witnesses do as to whom the statute assumes all objection. Although we have several times held differently, in one instance in an opinion written by myself, yet I have never been satisfied with the holding, and think the rule ought to be as indicated in Wilson *v.* Patton, and that this is the only mode of reconciling the difficulties and placing the rule upon a basis consistent with sound reason.

In this case the court below seems to have regarded the husbands as the real parties, and admitted them to testify in their own behalf, but Mrs. Orr was offered as a witness and rejected altogether. It would have been more consistent, perhaps, to have admitted Mrs. Orr to testify for herself and rejected her husband, if either should have been rejected. The wife was the real party in interest, although it cannot be said the husband was a mere nominal party.

My opinion is that we ought to overrule former holdings upon the subject, and confine the objection

to the husband and wife to such facts as public policy excludes, that is, such as they acquire by reason of the mutual relation. As we have already modified and restricted our first holdings upon the subject for the reason that we were not satisfied with the result, I think the better way is at once to place our deci-sions upon grounds we believe to be sound in principle.

And there is now another reason for this course in the fact that the Legislature have recently amended the former acts and placed the rule upon the ground indicated, and made the husband and wife competent as other parties, except as to facts acquired by virtue of their relation as husband and wife. Acts of 1879, ch. 200. This act was not in force at the time this cause was tried, and we only refer to it to show that in adopting the rule indicated we are conforming to what is now the law by positive statute.

Many other questions have been presented as grounds of reversal, but as in our opinion the judgment must be reversed and a new trial awarded for the reason above given, it is unnecessary to notice them, as the cause must be tried by another judge, the presiding judge having died. We will not presume that the errors, if errors, will be again committed. The charge is probably subject to criticism.

Judgment reversed.